BENJAMIN H. BURDON *vs.* HERMAN UNRATH.

JUNE 25, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J. The action is on the case to recover certain payments made by plaintiff to defendant in repayment of an usurious loan and is brought under the provisions of Pub. Laws, 1909, C. 434, as amended by Pub. Laws, 1912, C. 838, now Gen. Laws, 1923, (3207), (3208), (3209).

At the conclusion of the testimony, on motion of the defendant, the trial justice directed a verdict for the defendant. The case is in this court on plaintiff's bill of exceptions.

Benjamin H. Burdon, Jr., son of the plaintiff, and C. Ralph Frothingham were engaged in the business of selling

automobile tires under a trust agreement, of which plaintiff was the trustee and in which trust plaintiff had an interest as a certificate holder. In November, 1920, Burdon Jr. and Frothingham, the active managers and principal owners of the business, needed $5,690. to meet a draft in payment for a car load of tires; they applied for a loan to defendant, who referred them to his agent, one Arnold. The latter refused to make the loan secured by a lien on the tires but required a mortgage on real estate as security. The necessary papers were prepared by defendant's attorney. Burdon Jr. then went to the plaintiff, who, at the request of his son, gave his promissory note for $4,500 payable three months after date to defendant, with interest payable in advance at the rate of 30% per annum, secured by a mortgage of plaintiff's house given by plaintiff and his wife to defendant. Another mortgage and mortgage note of $1,500, payable three months after date, with interest at 30% per annum payable in advance, were given by a Mr. Messinger and his wife to defendant. This mortgage was secured by Frothingham as his contribution to the transactions; Burdon Jr. and Frothingham also secured from defendant, on a note, $140 additional to make up the amount necessary to meet the draft. Burdon Jr. testified that he acted as agent for his father in securing for him the loan of $4,500; that, acting under instructions of his father, he and Frothingham met the defendant at a bank on November 13th and there received from defendant a cashier's check payable to the order of defendant for $5,690; the check was then indorsed by defendant and made payable to Burdon Jr. and Frothingham, by whom it was deposited to meet the draft.

Plaintiff claims that the amount of this check was made up as follows. The $4,500 loan, less interest deducted in advance $337.50, net $4,162.50; the $1,500 loan, less interest in advance $112.50, net $1,387.50, and $140, the proceeds of the third note.

On March 4, 1921, twenty days after maturity, plaintiff paid to defendant his note for $4,500, $75 additional for interest for the twenty days at 30%, and $95 charged by defendant for the expenses of making the loan.

The present suit is brought to recover these payments.

Before the enactment of Chapter 434, in 1909, the parties to a contract could lawfully agree upon any rate of interest. *Draper* v. *Horton*, 22 R. I. 592. The statute now provides that no person (except a pawnbroker) loaning money to another "shall, directly or indirectly, reserve, charge or take interest on such loan, whether before or after maturity, at such a rate, or reserve, charge, or take compensation for services or expenses incidental to the making, negotiation or collection of such loan, in such an amount, that the total of one year's interest, reckoned at the rate so reserved, charged or taken, and of all such compensation for services and expenses, shall exceed thirty per centum of the amount actually received by the borrower, on all amounts exceeding fifty dollars, whether in one or more loans."

Every contract in violation of the statute and every mortgage or pledge given as security for the performance of such contract is declared to be usurious and void.

It is further provided that if the borrower shall make any payment, either of principal or interest, on such a contract, either to the lender or any assignee of such contract, the borrower shall be entitled to recover from the lender the amount so paid in an action of the case. Violation of the act, either by a principal or agent or by a member, officer or agent of any partnership or corporation is made a criminal offence punishable by fine or imprisonment.

The trial justice refused to admit evidence in regard to any part of the transaction except that directly relating to the $4,500 loan and also held that plaintiff was a guarantor for his son and was not a borrower. This was error and the exception thereto is sustained. The taking of interest in excess of the legal rate, either directly or indirectly, is prohibited. To prevent any evasion of the act, great latitude

in the evidence of the transactions between the lender and borrower is properly allowed. In this case evidence of the entire proceedings to secure the loan or loans was relevant to the issue and was essential for a complete understanding of the situation.

By the terms of the act, the amount of the loan upon which the authorized rate of interest is to be computed is not the amount the borrower admits that he has received from the lender but "the amount actually received by the borrower." The question whether the highest legal rate of interest on a short term loan may be reserved in advance, without making the loan usurious, is one on which there is a conflict of authority. As plaintiff does not rely on this claim, a decision of this question is not called for in this proceeding.

Plaintiff was not the guarantor of a debt. The relation of plaintiff and defendant was that of debtor and creditor. As the total payments made by plaintiff were clearly in excess of the lawful rate on the amount actually received by him, plaintiff was entitled to recover all of the payments made to defendant including principal and interest. In the cross-examination of Benjamin Burdon Jr. the witness testified as follows: "Q. Mr. Frothingham and yourself gave your father back the mortgage to secure him, did you not? A. We did, yes sir. Q. And received an interest at the rate of 30% in advance? A. Yes, sir. Q. The same terms and conditions as this was? A. Yes, sir." Defendant contends that even if plaintiff was the borrower he can not recover as he is also a lender on an usurious contract; that all of the notes and mortgages given and taken by the parties were parts of this same transaction, and if there was an infraction of the statute by the defendant, there was a similar infraction by the plaintiff and the parties being *in pari delicto* plaintiff can not recover. Assuming that plaintiff's contract with his son was usurious, although it does not clearly appear to be so, it is no defence to this action. The contract between plaintiff and his son was unknown to defendant; it was no part of the contract between plaintiff and

defendant and so far as appears, the existence of this contract had no legal relation to the contract which is the basis of plaintiff's suit. Such being the case, the parties are not *in pari delicto*. The evidence was sufficient to require a submission of the case to the jury. Plaintiff's exception to the direction of a verdict is sustained.

The plaintiff's exceptions are sustained and the case is remitted to the Superior Court for a new trial.

*Morgan & Morgan, Daniel P. Macdonald*, for plaintiff.
*Waterman & Greenlaw*, for defendant.